FILED
SUPERIOR COURT
OF GUAM

2018 APR 10 PM 1: 13

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | Case No. CF0272-16 |
| vs. | DECISION AND ORDER |
| JIMMY MARK CRUZ TYQUIENGCO, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 10, 2018 for a motion hearing upon Defendant Jimmy Mark Cruz Tyquiengco's ("Defendant" or "Mr. Tyquiengco") Motion to Dismiss filed on November 28, 2017; request to Exclude Government's Proffered Expert Witness Testimony ("Motion to Exclude Expert Witnesses") filed on December 13, 2017; and Motion to Withdraw Waiver of Jury Trial filed on December 18, 2017. During the hearing, Assistant Attorney General Jeremiah B. Luther represented the People of Guam ("People) and Attorney James M. Maher represented Defendant. Having duly considered the parties' arguments, briefings, and the applicable law, the Court now issues the following Decision and Order and (1) DENIES Defendant's Motion to Dismiss and Motion to Exclude Expert Witnesses; and (2) GRANTS Defendant's Motion to Withdraw Waiver of Jury Trial.

**ORIGINAL**

## BACKGROUND

Defendant was initially charged on May 13, 2016 with Child Abuse (as a Third Degree Felony) and Family Violence (as a Misdemeanor). (Indictment, May 13, 2016.) The charges arise from an incident involving Defendant's daughter – G.S.T. ("Victim") – that allegedly occurred on or about April 24, 2016. During an arraignment hearing on June 15, 2016, Defendant entered a plea of not guilty and waived his right to a speedy trial pursuant to 8 G.C.A. § 80.60. (Minute Entry, June 15, 2016; Waiver of Speedy Trial, June 15, 2016.) Thereafter, the Court issued a Trial Scheduling Order setting jury selection and trial for June 18, 2017. (Criminal Trial Scheduling Order, Nov. 17, 2016.) Defendant withdrew his demand for a jury trial and requested for a bench trial on May 18, 2017. (Notice of Withdrawal of Demand for Jury, May 18, 2017.)

On July 14, 2017, a grand jury returned a Superseding Indictment and charged Defendant with Aggravated Assault (as a Third Degree Felony), Child Abuse (as a Third Degree Felony), and Family Violence (as a Third Degree Felony), each accompanied by a Special Allegation for Possession or Use of a Deadly Weapon in the Commission of a Felony. (Superseding Indictment, July 14, 2017.) Following the filing of the Superseding Indictment, the Court granted a request by Defendant's prior attorney, Vincent Leon Guerrero, to withdraw as counsel. (See Order Granting Def.'s Req. for Withdrawal of Counsel, Nov. 8, 2017.)

Attorney James M. Maher entered his appearance as counsel to Defendant on November 15, 2017. Subsequently, Defendant filed the following motions: Motion to Dismiss filed on November 28, 2017; Motion to Exclude Expert Witnesses filed on December 13, 2017; and Motion to Withdraw Waiver of Jury Trial filed on December 18, 2017. The Government filed an opposition to the Motion to Dismiss and Motion to Exclude Expert Witnesses on December

12, 2017 and December 27, 2017, respectively. Defendant replied to those oppositions on December 20, 2017 and January 8, 2018. The Court heard oral arguments on the motions identified herein on January 10, 2018 and subsequently took the matter under advisement.

## DISCUSSION

### I. Motion to Dismiss

Defendant moves to dismiss the Third Charge of Family Violence (as a Third Degree Felony) and/or its accompanying Special Allegation for Possession or Use of a Deadly Weapon in the Commission of a Felony on the basis that the different *mens rea* requirements for the underlying crime and special allegation present alternative theories of liability.[1] Defendant specifically argues that "the jury, presented with alternative theories of the evidence in support of Charge Three may find reckless but not intentional behavior which would preclude a verdict on the Special Allegation which requires an intentional state of mind." (Mot. to Dismiss at 3, Nov. 28, 2017.) This argument fails as it does not take into account the instructions that are routinely provided to the jury to clarify their duties and the evidentiary burdens that must be satisfied when deliberating on the verdicts for the charged offenses.

Prior to jury deliberations, the Court provides instructions notifying the jurors of: (1) the elements for each of the offenses alleged, including any accompanying special allegations; (2) the definitions for each of the *mens rea* requirements implicated in the indictment; (3) the requirement that the jurors consider the special allegation separate from the underlying offense and only in the event that the Defendant is found guilty of the underlying offense; and (4) the evidentiary burden for each of the offenses alleged and their accompanying special allegations.

---

[1] The offense of Family Violence (as a Third Degree Felony) requires that a person "recklessly cause or attempt to cause bodily injury" while the accompanying special allegation requires that the person "knowingly and unlawfully use a deadly weapon" in the commission of a felony. (Superseding Indictment, July 14, 2017.)

The Court believes these instructions sufficiently clarify any potential confusion that arises from the different *mens rea* requirement indicated in the Third Charge and accompanying special allegation. Furthermore, the Court sees no defects in how the aforementioned offenses are phrased in the Superseding Indictment, thus, dismissal is inappropriate.

## II. Motion to Exclude Expert Witnesses[2]

### A. The Proffered Experts May Be Deemed Qualified and Reliable During Trial.

Defendant seeks to exclude the People's proffered expert witnesses – Wendy Frickel ("Dr. Frickel"), Anna Cruz ("Ms. Cruz"), and Rosemarie Camacho ("Ms. Camacho")[3] – and their testimony on the basis that they have not complied with the standards for the admission of expert witness testimony pursuant to Rule 702 of the Guam Rules of Evidence and Daubert v. Merril Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Defendant alleges that exclusion is proper because (1) the People failed to show the qualifications of the experts; (2) the People failed to show the basis for the expert opinions and their reliability; and (3) the testimony will not help the jury understand the evidence or determine a fact in issue. (Exclude Gov.'s Proffered Expert Witness Testimoney [sic] at 3-4, Dec. 13, 2017.) For the reasons set forth below, the Court sees no basis to exclude the People's proffered experts based on any of these arguments at this stage in the proceedings.[4]

---

[2] The Court notes that Defendant makes no reference to the Guam Rules of Evidence or local case law interpreting those rules. For purposes of consistency, the Court herein will refer to the local rule of evidence that mirrors the Federal Rule of Evidence that Defendant initially cites to in his motion.

[3] Defendant mistakenly identifies "Rosann Camacho" as one of the government's experts. The witness list submitted by the People, however, identifies a "Rosemarie B. Camacho" as an "Expert Psychological Witness". Moreover, the government has conceded that they "will not call Rosemarie Camacho to testify in this matter." (People's Opp. to Def.'s Mot. to Exclude Govt.'s Proffered Expert Witness Testimony at 1, Dec. 27, 2017.)

[4] Defendant also cites to Rule 704 in his motion as a basis for objecting to the People's proffered experts. Arguments in support of exclusion under this rule, however, could not be found in the motion. Furthermore, Rule 704 is not a vehicle for the exclusion of experts but for the limiting of testimony from experts of opinions on ultimate issues.

The admission of expert witnesses is governed under Rule 702 of the Guam Rules of Evidence, which states as follows:

> **Testimony by Experts.** If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Guam R. Evid. 702. This jurisdiction also requires the government to disclose to a defendant's attorney "any report or statement of an expert" made in connection with the criminal case as part of their discovery obligations. 8 G.C.A. § 70.10.

In determining whether a person is qualified to offer expert witness testimony pursuant to Rule 702, the Court must determine "(1) whether the witness is qualified via knowledge, skill, experience, training or education; and (2) whether the witness testimony will assist the trier of fact." In re N.A., 2001 Guam 7 ¶ 44 (citations omitted). Preliminary questions concerning the qualifications of an expert witness and the admissibility of their testimony shall be determined by the Court. See Guam R. Evid. 702. Furthermore, "[w]hen determining whether an expert's methodology is reliable, a court should consider factors such as testing, peer review, error rates, and acceptability in the relevant scientific community." People v. Mateo, 2017 Guam 22 ¶ 30 (internal quotations omitted) (*citing* Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (*citing* Daubert, 509 U.S. at 593-594)).

Here, Defendant alleges that the Government has failed to comply with the requirements of Rule 702 and Daubert by failing to show the qualifications and reliability of the expert's testimony. The Court, however can certify an individual to testify as an expert during trial upon satisfaction of the criteria identified in Rule 702. See Mateo, 2017 Guam 22 ¶ 31; People v.

Roten, 2012 Guam 3 ¶¶ 27-28. This has been the routine practice of the Court as there is no requirement in this jurisdiction that a pretrial hearing be held to certify an individual as qualified and reliable to testify as an expert witness. Should Defendant dispute the qualifications or reliability of the People's experts, who the Court understands are medical practitioners, he may object to their recognition as an expert at the appropriate time during trial and/or attempt to impugn their qualifications or veracity. The Court is obviously aware of circumstances where a preliminary expert witness determination separate from trial may be necessary, such as when an expert unrelated to the case has compiled a separate and complex scientific report detailing their opinions, testing, and methodologies. This does not seem to be the case here as Dr. Frickel and Ms. Cruz are medical practitioners who personally observed and treated the injuries suffered by the Victim around the time they were first reported to law enforcement.

Defendant also seems to suggest that the People or the expert witness must prepare some sort of expert opinion report, other than the documents that were prepared in the course of treating the Victim, to detail underlying facts and methodologies forming the basis for their expert opinion. This is not necessary under the circumstances presented here. See Guam R. Evid. 705 ("[t]he expert may testify in terms of opinion or inference and give reasons therefore without first testifying to the underlying facts or data, unless the court requires otherwise"); Roten, 2012 Guam 3 ¶¶ 27-28 (recognizing that "not all experts present scientific evidence"). The expert witnesses identified, to the Court's understanding, are medical practitioners who treated the Victim and are not individuals unrelated to the case who performed scientific analysis of the evidence. Moreover, the Court is unaware of any reports or documents that Dr. Frickel or Ms. Cruz have prepared and intend to rely on that were not turned over to the Defendant as part of the government's discovery obligations.

Finally, the Court believes that the expert witness testimony of Dr. Frickel and Ms. Cruz will assist the fact-finder in understanding the evidence and determining a fact in issue, such as the bodily injuries suffered by the Victim. As explained previously, Dr. Frickel and Ms. Cruz are medical practitioners that have personal knowledge of the bodily injuries suffered by the Victim because they treated the victim. According to discovery documents submitted to the Court, it was Dr. Frickel who actually treated the injuries suffered by the Victim at the United Medical Clinic and contacted law enforcement. (See Decl. of Vincent Leon Guerrero (Attachment), Dec. 16, 2018.) To suggest that her testimony should be excluded, as well as that of Ms. Cruz – a medical practitioner at the clinic, "because it will not help the jury understand the evidence or determine a fact in issue" is misleading. (Exclude Gov.'s Proffered Expert Witness Testimoney [sic] at 4, Dec. 13, 2017.) Surely, a medical practitioner can testify as to the injuries he/she personally observed on a person, as well as to the seriousness and extent of those injuries given his/her expertise and qualifications. Accordingly, the Court does not believe exclusion of Dr. Frickel and Ms. Cruz as expert witnesses pursuant to Rule 702 or Daubert is appropriate at this time. The Court, however, will allow Defendant to challenge any request to declare Dr. Frickel and Ms. Cruz as expert witnesses if and when they are presented during trial.

**B. The Expert Witness Testimony is Relevant.[5]**

Defendant seeks to exclude the testimony of the People's experts under Rule 402 by alleging that their testimony is irrelevant and unnecessary" and that "the events surrounding this matter can be presented through fact witnesses who have actual knowledge of what occurred." (Exclude Gov.'s Proffered Expert Witness Testimoney [sic] at 4, Dec. 13, 2017.) See also Guam

---

[5] Defendant also cites to Rule 802, which is the hearsay rule, in support of his argument that the "offered report is irrelevant, unnecessary and not admissible." (Exclude Gov.'s Proffered Expert Witness Testimoney [sic] at 1, Dec. 13, 2017.) As Defendant completely abandons this issue in his brief and does not articulate any hearsay issue requiring exclusion of expert witness testimony, the Court will not examine whether exclusion is proper under Rule 802.

R. Evid. 402. This argument fails because the expert witnesses identified – Dr. Frickel and Ms. Cruz – are not just medical practitioners but individuals who personally observed and treated the Victim around the time the allegations of abuse occurred and were reported to law enforcement. Defendant's arguments that "[t]he proffered experts have no actual knowledge of what occurred" is again misleading. Accordingly, their testimony is relevant as it is probative of the bodily injuries suffered by the Victim, which are elements of the offenses charged.

### C. The Probative Value of the Expert Witness Testimony Substantially Outweighs Any Prejudice.

Defendant also seeks to exclude the testimony of the People's experts pursuant to Rule 403 on the basis that "any probative value of the proffered report is substantially outweighed by the danger of unfair prejudice, confusion of the issues, would be misleading to the jury, and not admissible..." (Exclude Gov.'s Proffered Expert Witness Testimoney [sic] at 1, Dec. 13, 2017.) See also Guam R. Evid. 403. In his motion, however, Defendant offers no details or examples of how the expert witness testimony or any related reports or documents would be confusing or misleading. The Court, therefore, does not believe Defendant has appropriately demonstrated that exclusion is warranted on those grounds. Furthermore, the probative value of any testimony by Dr. Frickel and Ms. Cruz are substantially outweighed by any prejudice. As explained previously, Dr. Frickel and Ms. Cruz are medical practitioners that were involved in the treatment of the injuries suffered by the Victim around the time the allegations of abuse occurred and were reported to law enforcement. Therefore, they are percipient witnesses with technical and expert knowledge that can help the jury understand the evidence before the Court. As Defendant has not shown any substantial prejudice he would suffer from the inclusion of the experts' probative testimony, the Court does not see how exclusion is appropriate under Rule 403.

### III. Motion to Withdraw Waiver of Jury Trial

As explained previously, Defendant initially withdrew his demand for a jury trial on May 18, 2017 and requested for a bench trial. (Notice of Withdrawal of Demand for Jury, May 18, 2017.) Defendant now seeks to withdraw this jury trial waiver. Based on the circumstances present here, the Court sees no substantial reason to deny Defendant his right to a jury trial. In addition, neither party has suffered or will suffer any prejudice or adverse consequence from the withdrawal of Defendant's jury trial waiver. See Green v. State, 36 S.W. 32 211, 214 (stating that "a defendant should be permitted to withdraw his jury waiver unless granting the request would prejudice the state, delay the trial, impede justice, or inconvenience the witnesses, or, in some cases, unless the defendant's request was made in bad faith") (citations omitted). Therefore, the Court will allow Defendant to withdraw his jury trial waiver filed on May 18, 2017.

### CONCLUSION

For the reasons stated above, the Court (1) DENIES Defendant's Motion to Dismiss and Motion to Exclude Government's Proffered Expert Witness Testimony and (2) GRANTS Defendant's Motion to Withdraw Waiver of Jury Trial. A criminal trial setting will be scheduled at a later time once the Court resolves other pending motions.

**IT IS SO ORDERED** on this 10th day of April, 2018.



_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Page **9** of **9**